Date signed February 28, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: | Case No. 03-14929PM |
|---|---|
| Paulette M. Walton,<br><br>　　　　Debtor. | Chapter 13 |
| Paulette M. Walton,<br>　　　　Plaintiff,<br>v.<br><br>Brett Cohen, Yomma Cohen,<br>William Jefferson and First Franklin<br>Financial Corporation,<br>　　　　Defendants. | AP No. 06-01757PM |

**MEMORANDUM OF DECISION**

　　　　This matter came before the court on February 27, 2007, on the motion filed by Brett and Yomma Cohen (the "Cohen defendants") to vacate the entry of default as to them, and the opposition of Paulette M. Walton (the "plaintiff") thereto. For the reasons set forth herein, the motion will be denied.

　　　　This adversary proceeding was filed on October 23, 2006, against the four listed defendants. The three-count complaint concerns an alleged post-filing conveyance of the debtor's residence and seeks declaratory relief that the alleged conveyance is a nullity, damages for an alleged violation of the automatic stay, or, in the alternative, for the avoidance of post-petition transfers of any interest in the property. A summons was issued on November 16, 2006, and under Federal Rule of Bankruptcy Procedure 7012(a), an answer was due in thirty days after

issuance.  Only William Jefferson filed an answer.  The Clerk of the Court docketed Defaults as to the remaining three defendants on December 26, 2006.  The Cohen defendants filed a motion for extension of the time to file an answer to the complaint that same day.  The motion was not acted on by the court because of the issuance of the Defaults.  The Cohen defendants filed this motion on January 24, 2007, to vacate the Default as to them.  Rule 55(c) of the Federal Rules of Civil Procedure applicable in adversary proceedings by virtue of Rule 7055 of the Federal Rules of Bankruptcy Procedure, provides:

> (c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Rule 55(c) authorizes the court to set aside entry of default "[f]or good cause shown . . . . " The United States Court of Appeals for the Fourth Circuit held that when deciding whether to set aside an entry of default, a court should consider whether the moving party has a meritorious defense, acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the opposing party, whether there is a history of dilatory action and the availability of sanctions less drastic.  *See Payne v. Brake*, *et al.*, 439 F.3d 198, 204-5 (CA4 2006); *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 245, 251 (CA4 1967); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (CA4 1987).

The Cohen defendants allege that their failure to file timely answers was attributed to the plaintiff's failure to personally serve Brett Cohen with a copy of the summons and complaint; that counsel was retained to represent the Cohen defendants on December 19, 2006, and was unable to obtain sufficient background information from prior counsel to properly answer; and that there exists a meritorious defense.   The court is unpersuaded by all of the Cohen defendants' arguments.

In *United States v. Moradi*, 673 F.2d 725, 727 (CA4 1982) (*citing Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 252 n. 8 (CA4 1974)), the Court of Appeals held that to establish the existence of a meritorious defense the defaulting party must make "a presentation or proffer of evidence, which, if believed, would permit either the court or the jury to find for the defaulting party."  The meritorious defense that the Cohen defendants refer to remains a mystery.  There is an assertion in the motion mentioning the existence of the

"meritorious defense which this court should hear" and nothing more. Nor were affidavits filed in support of the motion. Nothing was added about the defense during oral argument.

The Cohen defendants did not act with reasonable promptness as the motion to vacate the Defaults was not filed until January 24, 2007 – nearly one month after entry. This, along with the fact that the motion to extend the time to file answers to the complaint was not filed until after the answers were due and on the day the Defaults were entered, establishes a pattern of dilatory conduct.

There is no merit to the Cohen defendants' argument that Brett Cohen was not "personally" served with a copy of the complaint and summons. Rule 7004(b)(1) of the Federal Rules of Bankruptcy Procedure permits service of process upon an individual within the United States by first class mail postage prepaid. Personal service is not required. There is reason to believe, based on the record, that the Cohen defendants received, via United States mail, copies of the summons and complaint. The court finds the letter from Brett Cohen's previous counsel that is appended to the plaintiff's opposition persuasive. Brett Cohen was clearly aware of this pending adversary proceeding and the deadlines established. Further, the letter is addressed to the plaintiff's counsel and is dated December 12, 2006 – six days before the answers were due. New counsel was not retained until December 19, 2006 – one day after the answers were due. The Cohen defendants chose to sit on their rights and are personally responsible for the entry of Defaults against them. Their studied neglect is not excusable.

The Cohen defendants have failed to carry their burden. An appropriate order will be entered.

cc:    Paulette M. Walton
       9123 Sheridan Street
       Lanham, MD 20706

       Scott C. Borison
       5500 Buckeystown Pike
       Frederick, MD 21703

Brett Cohen
4301 Southern Ave.
Capitol Heights, MD 20743

Harvey S. Jacobs
Emily Karen Gumpert
11 N. Washington St., Suite 640
Rockville, MD 20850

Yomma Cohen
2802 Millvale Ave.
District Heights, MD 20747

William Jefferson
3239 Chester Grove Rd.
Upper Marlboro, MD 20774

Tonya L. Waller
Walker & Waller, PLLC
1717 K Street, N.W.
Suite 600
Washington, DC 20036

First Franklin Financial Corporation
2150 North First St., #100
San Jose, CA 95131

**END OF MEMORANDUM OF DECISION**