Date signed August 18, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| PAULETTE M. WALTON | : | Case No. 03-14929PM |
| | : | Chapter 13 |
| Debtor | : | |
| PAULETTE M. WALTON | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 06-1757PM |
| | : | |
| BRETT COHEN | : | |
| YOMMA COHEN | : | |
| WILLIAM JEFFERSON | : | |
| FIRST FRANKLIN FINANCIAL CORP. | : | |
| Defendants | : | |
| WILLIAM JEFFERSON | : | |
| Counter-Claimant | : | |
| vs. | : | |
| | : | |
| PAULETTE M. WALTON | : | |
| Counter-Defendant | : | |

**MEMORANDUM OF DECISION**

This case came before the court for hearing on damages following the entry of Defaults as to Yomma Cohen and Brett Cohen ("the Defendants" or "the Defaulting Defendants") on December 26, 2006. They filed a Motion to set aside the Defaults on January 24, 2007, that was denied by Order entered March 1, 2007. A second Motion to set aside the Defaults was filed on

March 12, 2007, that was denied by Order entered March 27, 2007.  On December 20, 2007, this court set a hearing on damages for February 21, 2008.  On February 20, 2008, the Defaulting Defendants filed a motion to continue the hearing, combined with an application for leave to file an answer and a motion to dismiss this adversary.  On that same date, the Defaulting Defendants filed Notices that they had filed bankruptcy cases – Yomma Cohen in the District of Columbia and Brett Cohen in the District of Maryland.[1]

This court issued a Memorandum on February 25, 2008, noting that it would take no further action in this adversary proceeding in the absence of orders granting relief from the automatic stay of 11 U.S.C. § 362(a).  On February 27, 2008, the Defaulting Defendants filed still another motion to set aside the entry of the Defaults that was heard by the court on May 13, 2008, together with a settlement conference involving the other parties to this adversary proceeding.  In a Memorandum entered May 16, 2008, the court recapitulated the status of the case, noting the dismissal of the District of Columbia bankruptcy case of Yomma Cohen and the pendency of the case in this court of Brett Cohen.  That same day, the court entered an Order denying the most recent motion to set aside the Defaults.

The court heard the arguments of the parties.  The Plaintiffs' Exhibits 1 through 44 were admitted in evidence in the absence of objection.  The material facts are not in dispute.  This case was part of a real estate equity stripping scheme operated by Brett Cohen under the name of Happy Home Solutions (Exhibit 10).  Brett Cohen obtained the confidence of debtors, such as the Plaintiff, Paulette M. Walton, who executed various documents at his direction in violation of the automatic stay of 11 U.S.C. § 362(a), and similarly in violation of the Maryland Homeowners Protection and Foreclosure Act.  MD. CODE ANN. REAL PROP. §7-301-7-321 (Supp. 2008).[2]

After filing a bankruptcy case and in fear of losing her real property to foreclosure, the Plaintiff met with Brett Cohen.  She and her spouse executed at Brett Cohen's direction a

---

[1] The Chapter 13 case filed by Yomma Cohen in the District of Columbia (No. 08-00025) was dismissed on March 17, 2008, because of her failure to timely commence payments, to file a Chapter 13 Plan and various other shortcomings.  Hence this proceeding is limited to the claims against her solely.  Inasmuch as Brett Cohen received a chapter 7 discharge on July 21, 2008, this adversary proceeding will be dismissed as to him.

[2]  A thorough discussion of this type of scam is found in the case of *Johnson v. Wheeler*, 492 F.2d 492 (D. Md. 2007).

Standard Purchase and Sales Agreement, a Letter of Agreement and Addendum, a Letter of Addendum to Contract, an Authorization to Release Information and a Limited Power of Attorney.  On October 21, 2004, Yomma Cohen, acting as "attorney-in-fact" for the Plaintiff and her spouse, executed the Deed transferring the real property at issue to William Jefferson in exchange for a purchase price of $250,000.00.  The settlement for the transfer of the property was conducted entirely by the Yomma Cohen.  This adversary proceeding was commenced two years later, on October 23, 2006, by a complaint that included a demand that the postpetition transfer be avoided, damages for violation of the automatic stay of 11 U.S.C. § 362(a) and declaratory judgment.

The damages sustained by the Plaintiff are ascertainable from Exhibit 22 – the Settlement Statement for the sale of the property to William Jefferson.  The Plaintiff urges that she is entitled to a judgment in an amount equivalent to the appraised price of the real estate (Exhibit 28), minus the amount due on the first mortgage.  The court disagrees. The measure of damages will be fixed by subtracting the payoff of the first mortgage to Wells Fargo Home Mortgage, Inc. of $202,978.16 from the sales price of $250,000.00.  This results in liquidated damages of $47,021.84.  This was the equity that was "stripped" from the Plaintiff.

According to Maryland law, "[a] judgment by default constitutes an admission by the defaulting party of its liability for the causes of action set out in the complaint." *Pacific Mortgage & Inv. Group, Ltd. v. Horn*, 100 Md.App. 311, 332 (1994).  This court considers Yomma Cohen's failure to answer the complaint as "'the tacit admission . . . of the truth of the allegations of the bill of complaint as they are averred.'" *Porter Hayden Co. v. Bullinger*, 350 Md. 452 (1998) (*quoting Hopkins v. Easton Nat. Bank*, 171 Md. 130, 187 A. 874 (1936)).  As such, damages will be awarded against Yomma Cohen and in favor of the Plaintiff.

Additionally, counsel for the Plaintiff has requested compensation for attorney's fees pursuant to 11 U.S.C. § 362(k)(1) on account of the violation of 11 U.S.C. § 362(a)(3) that provides:

> **11 U.S.C. § 362.  Automatic stay**
>
> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of –
>
> \* \* \* \* \*
>
> (3) any act to obtain possession of property of the estate or of property from the

estate or to exercise control over property of the estate.

Counsel was given leave to file a statement of compensation. He has not done so. However, the court has sufficient knowledge of the work involved in this case to fix the compensation without his assistance. *Cf. Matter of TMT Trailer Ferry, Inc*., 577 F2d 1296, 1304 (CA5 1978). After careful consideration of the record herein, the court will allow the sum of $11,500.00 as compensation.

An appropriate order will be entered.

cc:
Scott C. Borison, Esq., 5500 Buckeystown Pike, Frederick, MD 21703
Michael G. Morin, Esq., P.O. Box 778, Severn, MD 21144
Brett Cohen, 4301 Southern Avenue, Capitol Heights, MD 20743
Yomma Cohen, 2802 Millvale Avenue, District Heights, MD 20747
Yomma Cohen, 4301 Southern Avenue, Capitol Heights, MD 20743
Matthew G. Summers, Esq., Ballard Spahr, 300 East Lombard Street, Baltimore MD 21202
First Franklin Financial Corp., Attn: Andrew Pollock, President,
 2150 North First Street, #100, San Jose CA 95131

**End of Memorandum**